UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAMMER & STEEL, INC., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV688 JCH |
| ) | |
| CENTER ROCK, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike the Opinion Testimony of Brandon Fisher and to Strike Him as a Proffered Expert Witness, filed April 4, 2013. (ECF No. 47). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff filed its original Petition for a Declaratory Judgment ("Complaint") in this matter on or about March 2, 2012, in the Circuit Court of St. Louis County, Missouri. (Notice of Removal, ¶ 1). Defendant removed the action to this Court on April 16, 2012. (ECF No. 1). In its Complaint, Plaintiff alleges Plaintiff and Defendant entered into several oral agreements between May, 2010, and July, 2010. According to Plaintiff, in August, 2011, Defendant asserted Plaintiff had breached the terms of the agreements, and threatened litigation if Plaintiff did not comply with its demands. Plaintiff responded by filing the instant Complaint, asking that the Court determine the terms of the oral contracts, and declare Plaintiff's rights thereunder. (ECF No. 8). Defendant filed a Counterclaim on April 23, 2012, asserting claims for Breach of Contract, Replevin, and Quantum Meruit. (ECF No. 9).

In support of its claims and defenses, Defendant seeks to introduce the testimony of alleged expert witness Brandon Fisher. In its Motion to Strike, Plaintiff maintains Mr. Fisher's testimony is inadmissible under both the Federal Rules of Evidence and the Supreme Court's rulings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

## **DISCUSSION**

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (internal quotation marks and citation omitted). As a preliminary matter, "[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citation omitted). The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Id.* "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony," and "[t]he rule clearly is one of admissibility rather than exclusion." *Lauzon*, 270 F.3d at 686 (internal quotation marks and citations omitted).

Pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the seminal case regarding expert opinion testimony, "district courts are to perform a 'gatekeeping' function and insure that proffered

expert testimony is both relevant and reliable." *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997) (citations omitted), *cert. denied*, 523 U.S. 1004 (1998); *see also Daubert*, 509 U.S. at 592-93. Thus, in order to be admissible under Rule 702, the proposed expert testimony must meet the following three prerequisites:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon*, 270 F.3d at 686 (internal quotation marks and citations omitted).

Mr. Fisher is Defendant's founder, and served as its President and CEO until October 12, 2012. Currently, Mr. Fisher is Defendant's Executive VP of Customer Solutions. (Defendant's Rule 26(a)(2)(c) Expert Witness Disclosure for Expert Witnesses Who Do Not Provide A Written Report, ¶ 2(f)). If permitted, Mr. Fisher will testify and provide his opinion on the following matters:

a. The practice and custom in the drilling industry concerning the rental period of drilling equipment. Specifically, Mr. Fisher will testify that the rental period begins (and rent accrues) when the equipment leaves the possession of the rental company and the rental period ends when the drilling equipment is returned to the possession of the rental company.

b. The practice and custom in the drilling industry concerning when rented drilling equipment is damaged. Specifically, Mr. Fisher will testify that rent accrues on damaged equipment until the damage is repaired and/or the rental company is adequately compensated for the equipment regardless of who is in possession of the equipment.

c. The practice and custom in the drilling industry concerning when rented equipment is not returned to the possession of the rental company. Specifically, Mr. Fisher will testify that rent accrues on equipment until the equipment is returned to the possession of the rental company.

d. The practice and custom in the drilling industry concerning rent to purchase agreements.

      e.      The practice and custom in the drilling industry concerning the purchase of drilling equipment under a rent to purchase agreement. Specifically, Mr. Fisher will testify that a renter is unable to purchase equipment under a rent to purchase agreement unless and until rental payments are current and that rent accrues until the time that rental payments are brought current and the purchase occurs.

(Id., ¶ 5).

In its Motion to Strike, Plaintiff maintains Mr. Fisher's expert opinions are inadmissible for four reasons: (1) Mr. Fisher is not qualified to offer the opinions; (2) Mr. Fisher's opinions are not reliable; (3) Mr. Fisher's opinions are contrary to the course of dealing between the parties; and (4) Mr. Fisher's opinions will not aid the jury in determining the terms of the three oral contracts, but instead will unnecessarily confuse the jury. Plaintiff thus requests that the Court strike Mr. Fisher's opinion testimony, and preclude Mr. Fisher from testifying as an expert witness for Defendant.

Upon consideration, the Court will grant Plaintiff's motion to strike expert testimony, as the relevance of any opinions Mr. Fisher holds with respect to practice and custom in the drilling industry is outweighed by potential prejudice and confusion. *See* Fed.R.Evid. 403. In other words, the Court agrees with Plaintiff that at issue here are the terms of three specific oral contracts between the parties. Fact witnesses who were involved with the actual negotiations are well-equipped to provide information regarding such terms to the jury, and it is the jury's role to credit or discredit testimony from those witnesses. Any expert testimony regarding what may or may not be common in the industry thus is neither appropriate nor necessary, and would serve only to confuse the jury and bolster the credibility of Defendant's witnesses. *See U.S. ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, N.Y.*, 2009 WL 1110577, at \*2 (S.D. N.Y. Apr. 22, 2009) (citations omitted) ("It is appropriate, therefore, to exclude expert testimony offered to bolster the credibility of fact witnesses."). Plaintiff's Motion to Strike must therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Opinion Testimony of Brandon Fisher and to Strike Him as a Proffered Expert Witness (ECF No. 47) is **GRANTED**.

Dated this 28th day of May, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE