UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CENTER ROCK, INC.,                        )
                                          )
                Plaintiff,                )
                                          )
        vs.                               )        Case No. 4:12CV688 JCH
                                          )
HAMMER & STEEL, INC.,                     )
                                          )
                Defendant.                )

## MEMORANDUM AND ORDER

This matter is before the Court on Center Rock, Inc.'s Motion for Attorneys' Fees, Interest, Expenses and Nontaxable Costs of Suit, filed July 29, 2013. (ECF No. 118). The motion is fully briefed and ready for disposition.

## BACKGROUND

Hammer & Steel, Inc. ("H&S") filed its original Petition for Declaratory Judgment ("Complaint") in this matter on or about March 2, 2012, in the Circuit Court of St. Louis County, Missouri. (Notice of Removal, ¶ 1). Center Rock, Inc. ("CRI") removed the action to this Court on April 16, 2012. (ECF No. 1).[1] In its Complaint, H&S alleged H&S and CRI entered into several oral agreements between May, 2010, and July, 2010. According to H&S, in August, 2011, CRI asserted H&S had breached the terms of the agreements, and threatened litigation if H&S did not comply with its demands. H&S responded by filing the instant Complaint, asking that the Court determine the terms of the oral contracts, and declare H&S's rights thereunder. (ECF No. 8). CRI filed a Counterclaim on April 23, 2012, asserting claims for Breach of Contract, Replevin, and Quantum Meruit. (ECF No. 9).

_____

1 Although H&S filed the instant lawsuit, at CRI's request the Court realigned the parties for

On February 26, 2013, CRI filed a Motion to Amend Counterclaim. (ECF No. 28). In its motion, CRI stated that on February 19, 2013, H&S produced for the first time a credit application completed by H&S on April 15, 2009, and stating in relevant part as follows:

> Upon request from Center Rock, Inc., I hereby grant permission to the above named for the release of our credit experience. Orders may not be approved or may be delayed if ample credit information is not provided or cannot be obtained through our available credit sources. Terms are net 30 days of invoice date, unless due to specific product sales requiring payment prior to shipment or immediately upon receipt of the invoice. Buyer agrees to pay all attorney fees and other expenses incurred by Center Rock, Inc. by reason of default by applicant together with interest at a rate of 1 ½ % per month or highest rate permitted by law on the total amount past due.

(Id., quoting attached Exh. A). Based on the terms of the credit application, of which counsel for CRI maintained it was unaware until H&S's production, CRI requested leave to amend its Counterclaim, "to specify CRI's request for counsel fees, expenses and interest at the rate of 1 1/2% per month on all overdue amounts found to be owing by H&S to CRI in accordance with H&S's agreement in the credit application." After allowing for briefing and entertaining oral argument, the Court denied CRI's Motion to Amend. (ECF No. 34).

This matter proceeded to a jury trial on July 1, 2013. The jury was instructed on CRI's claim for breach of contract involving Drill 117; its claim for breach of contract involving Drill 108; and its claim for breach of contract involving a 48 inch LP Drill. On July 8, 2013, the jury returned the following verdicts:

1) In favor of CRI on CRI's claim for breach of contract with respect to Drill 117, with damages set at $14,357.40;

2) In favor of CRI on CRI's claim for breach of contract with respect to Drill 108, with damages set at $101,208.80; and

3) In favor of CRI on CRI's claim for breach of contract with respect to the 48 Inch LP Drill, with damages set at $108,110.25.

As noted above, CRI filed the instant Motion for Attorneys' Fees, Interest, Expenses and Nontaxable Costs of Suit on July 29, 2013. (ECF No. 118). In its motion, CRI requests the following: prejudgment interest pursuant to the terms of the credit application, in the amount of $97,003.49[2]; post judgment interest pursuant to the terms of the credit application, at the rate of $110.61 per day until payment is received[3]; attorneys' fees in the amount of $245,577.00; and non-taxable expenses in the amount of $7,168.51. H&S objects both to the contractual claims seeking attorneys' fees, interest and nontaxable expenses, and to CRI's alternative claim for statutory prejudgment interest. (ECF No. 120).[4]

## DISCUSSION

### I. Is CRI Entitled To Attorneys' Fees And Expenses?

As stated above, in its motion CRI seeks an award of $245,577.00 for attorneys' fees, and $7,168.51 for non-taxable expenses. CRI claims it is entitled to such fees and expenses pursuant to the terms of the credit application. H&S counters that the credit application was not part of the three oral contracts at issue in this suit, and thus provides no basis for an award of fees and expenses.

"Where a party's claim to attorney fees is based upon a contract the court must adhere to the terms of the contract and may not go beyond it." *Trimble v. Pracna*, 167 S.W.3d 706, 714 (Mo. banc 2005) (citation omitted). "The purpose of contract construction is to ascertain the intent of the parties and to give effect to that intent, which is determined based on the contract

___

2 In the alternative, CRI requests $46,488.74 for prejudgment interest, at a rate of 0.75% per month per Mo. Ann. Stat. § 408.020.

3 In the alternative, CRI requests post judgment interest pursuant to federal law, at the rate of $41.54 per day until full payment is received.

4 With respect to post judgment interest, H&S requests that the federal interest rate apply.

alone unless the contract is ambiguous." *Id.* (citation omitted).[5]

Upon consideration, the Court finds that the terms of the credit application are not ambiguous, and do not entitle CRI to attorneys' fees, expenses, or enhanced interest rates, for two reasons. First, while the application lists only August Santos, Daraius Tata, Red Tremain, and Barbara Stang Hassan as authorized purchasers, it is undisputed that Mark Colvin entered into the instant oral contracts on behalf of H&S. Second, although the credit application clearly requires purchase orders, it is undisputed that none were issued here. Under these circumstances, the Court finds the terms of the credit application do not apply to the three oral contracts at issue, and thus provide no basis for an award of enhanced interest rates, attorneys' fees or nontaxable expenses.

## II.     Is CRI Entitled To Prejudgment Interest?

CRI next claims that in the event the Court finds the credit application inapplicable, it nevertheless is entitled to prejudgment interest pursuant to Mo.Rev.Stat. § 408.020. Section 408.020 permits an award of prejudgment interest, "at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made…"[6] Under Missouri law[7], "[t]hree requirements must be met before such interest can be awarded on a claim: (1) the expenses must be due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due." *Jablonski v. Barton Mut. Ins. Co.*, 291 S.W.3d 345, 350 (Mo. App. 2009) (internal

---

5 "A contract is ambiguous if its terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." *Trimble*, 167 S.W.3d at 714 (citation omitted).
6 Missouri courts have allowed the recovery of prejudgment interest on oral contracts for services rendered. *See Reliance Ins. Co. in Liquidation v. Chitwood*, 433 F.3d 660, 665 (8th Cir. 2006).
7 "State law governs the issue of prejudgment interest in this diversity action." *Macheca Transport Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1196 (8th Cir. 2013) (citation omitted).

quotation marks and citation omitted).

### A. Drills 117 and 108

As noted above, "[p]rejudgment interest can only be awarded under Mo.Rev.Stat. § 408.020 on liquidated damage claims." *Macheca Transport Co.*, 737 F.3d at 1196 (citation omitted). "Prejudgment interest is generally not available for unliquidated claims because where the person liable does not know the amount he owes, he should not be considered in default because of failure to pay." *Id.* (internal quotation marks and citations omitted).

Upon consideration, the Court finds that CRI's claims for damages with respect to drills 117 and 108 did not become liquidated until the date CRI filed its Counterclaim, April 23, 2012. By way of explanation, the Court notes that on July 19, 2010, in response to an inquiry from Mark Colvin of H&S, Christen Fisher of CRI acknowledged that CRI offered rentals with purchase options. (*See* H&S's Trial Exh. Z). Throughout the terms of the rentals, although CRI periodically sent invoices strictly seeking rents allegedly due, at times it also acknowledged the possibility that H&S eventually would purchase the equipment at issue. (*See, e.g.*, H&S's Trial Exhs. F, G, H, U, TT, UU). The Court thus finds that the claims only became liquidated when CRI filed its Counterclaim specifically requesting return of the drills with full back rent, as until that time it was never entirely clear what was sought or owed on the two drills. *See Macheca Transport Co.*, 737 F.3d at 1196 (internal quotation marks and citation omitted) ("In order to be liquidated so as to allow interest, a claim must be fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard."). *See also Children Intern. v. Ammon Painting Co.*, 215 S.W.3d 194, 202-205 (Mo. App. 2006) (holding damages were not liquidated for purposes of Section 408.020 when they were "variable, speculative, and uncertain," and further that "[a] bona fide dispute as

to the amount of damages owed will result in the damages being classified as unliquidated.").

### B. 48 Inch LP Drill

As noted above, CRI also requests prejudgment interest on the damages awarded with respect to the 48 Inch LP Drill.   In its response to CRI's motion, H&S does not dispute that such interest is due with respect to rent for the drill itself.   H&S notes, however, that CRI never invoiced H&S for the amounts claimed for rent on the tools and equipment that were not returned until April 11, 2011.   As noted above, before interest may be awarded under Section 408.020, the party seeking such interest must have made a demand for the amount due.   *See Jablonski*, 291 S.W.3d at 350.   "If the party has not made a demand for prejudgment interest before filing suit, then Missouri law considers the filing itself to constitute a demand."   *Graybar Elec. Co., Inc. v. Federal Ins. Co.*, 567 F.Supp.2d 1116, 1129 (E.D. Mo. 2008) (citation omitted).   The Court thus will permit interest on this portion of CRI's damages from the date of filing of CRI's Counterclaim, April 23, 2012.

In light of the foregoing, the Court will allow the following in prejudgment interest:

| | |
|---|---|
| **Drill 117:** | $1,564.16 |
| **Drill 108:** | $11,026.18 |
| **48" Drill:** | $16,881.06 |
| **Total Prejudgment Interest:** | $29,471.40 |

### III. At What Rate Is Post Judgment Interest Assessed?

CRI finally asserts it is entitled to an award of post judgment interest calculated at the rate allegedly agreed to by the parties in the credit application.   The Court previously has held that the credit application does not apply to the oral contracts at issue in this suit.   The award of post judgment interest thus is a procedural matter, governed by federal law as set forth in 28 U.S.C. §

1961.  *See Utica Mut. Ins. Co. v. BancInsure, Inc.*, 2007 WL 2860237, at *22 (E.D. Mo. Sep. 25, 2007).   Section 1961 allows interest, "on any money judgment in a civil case recovered in a district court….calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."  28 U.S.C. § 1961(a).  Interest is to be "computed daily to the date of payment….and shall be compounded annually."  28 U.S.C. § 1961(b).

CRI thus is entitled to post judgment interest at the above specified rate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Center Rock, Inc.'s Motion for Attorneys' Fees, Interest, Expenses and Nontaxable Costs of Suit (ECF No. 118) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.


Dated this 17th Day of February, 2014.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE